# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

MARK LATCHERAN,

    Plaintiff,

v.

PRIMECARE NEVADA, INC., et al.,

    Defendants.

2:11-CV-1590 JCM (PAL)

**ORDER**

Presently before the court is defendants Primecare Nevada, Inc., et. al.'s motion to dismiss. (Doc. #13). Plaintiff Mark Latcheran filed an opposition. (Doc. #17). Defendants then filed a reply. (Doc. #18).

On February 19, 2010, Primecare Nevada, Inc. dba Nye Regional Medical Center ("Primecare Nevada, Inc.") hired plaintiff as its administrator/chief executive officer. (Doc. #10, Ex. 1). The employment agreement permitted plaintiff to be terminated either for cause or without cause. Plaintiff began to work for Primecare Nevada, Inc. on March 29, 2010. Plaintiff alleges that he began to question some of the policies and procedures at Primecare Nevada, Inc., stating that they were potentially unethical and/or illegal. (Doc. #10, Ex. 1). According to plaintiff, defendants "wrongfully and illegally terminated" plaintiff in an attempt to silence him. (Doc. #10, Ex. 1). Further, Primecare Nevada, Inc. fabricated its basis for termination as a ground and/or pretext to avoid having to pay plaintiff's severance pay and benefits pursuant to the employment agreement. (Doc. #10, Ex. 1).

**James C. Mahan**
**U.S. District Judge**

Plaintiff filed the instant action on September 30, 2011. (Doc. #10, Ex. 1). The complaint asserts eight causes of action: (1) breach of contract, (2) breach of covenant of good faith and fair dealing, (3) wrongful discharge, (4) tortious discharge, (5) intentional infliction of emotional distress, (6) defamation, (7) negligent training, supervision, and/or retention of supervisor, managers, and officers, and (8) violation of NRS 613.010. (Doc. #10, #Ex. 1). Defendants now move to dismiss all of plaintiff's claims for failure to state a claim upon which relief can be granted. (Doc. #13).

## Legal Standard

A complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The statement of the claim is intended to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Pursuant to Federal Rule of Civil Procedure 12(b)(6), courts may dismiss causes of action that "fail[] to state a claim upon which relief can be granted."

The court must "accept all factual allegations in the complaint as true." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Further, the court must draw all reasonable inferences in plaintiff's favor. *Twombly*, 550 U.S. at 547. However, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted). Although "not akin to a 'probability requirement,'" the plausibility standard asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.*

**I.     Breach of contract**

Plaintiff's first cause of action is for breach of contract against defendant Primecare Nevada, Inc. (Doc. #10, Ex. 1). Defendants argue that plaintiff was an at-will employee because the employment contract provided that plaintiff could be terminated either for cause or without cause. (Doc. #13). Thus, as an at-will employee, plaintiff cannot state a viable claim for breach of contract.

**James C. Mahan
U.S. District Judge**

- 2 -

1  In opposition, plaintiff points out that the contractual benefits differed depending on whether he was terminated for cause or without cause. Pursuant to the contract, if plaintiff was terminated without cause, defendants were required to provide plaintiff with sixty (60) days notice and one (1) year severance pay. In contrast, if plaintiff was terminated with cause, he could be terminated immediately and without severance pay. (Docs. #17 and #10, Ex. 1). Plaintiff further alleges that Primecare Nevada, Inc. fabricated the basis for its for cause termination as a ground and/or pretext to avoid having to pay plaintiff severance pay and benefits as required under the contract. (Doc. #10, Ex. 1).

"A breach of contract may be said to be a material failure of performance of a duty arising under or imposed by agreement." *Bernard v. Rockhill Development Co.*, 103 Nev. 132, 135 (1987) (citing *Malone v. University of Kansas Medical Center*, 220 Kan. 371 (1976)).

The court "accept[s] all factual allegations in the complaint as true," *Tellabs, Inc.*, 551 U.S. at 322, and draws all reasonable inferences in plaintiff's favor. *Twombly*, 550 U.S. at 547. Here, plaintiff asserts that Primecare Nevada, Inc. terminated plaintiff for cause. Plaintiff further alleges that Primecare Nevada, Inc. did not have grounds to terminate plaintiff for cause and, instead, fabricated these grounds. Thus, plaintiff could have been terminated only without cause, and Primecare Nevada, Inc breached the terms of the agreement when it did not give plaintiff notice and severance pay. The court finds that plaintiff has pled a claim for breach of contract upon which relief can be granted, and dismissal of this count is not appropriate.

**II.    Tortious breach of covenant of good faith and fair dealing**

Plaintiff's next cause of action is for tortious breach of the covenant of good faith and fair dealing against all of the defendants. (Doc. 10, Ex. 1). Defendants first assert that this claim should be dismissed as against all of the individual defendants because they never entered into a contract with plaintiff. (Doc. #13). Defendants also argue that this claim should be dismissed as against Primecare Nevada, Inc. because plaintiff has not pled a special relationship between Primecare Nevada, Inc. and plaintiff. (Doc. #13).

. . .

James C. Mahan
U.S. District Judge

- 3 -

The implied covenant of good faith and fair dealing exists in all contracts. *A.C. Shaw Const. v. Washoe County*, 105 Nev. 913, 914 (1989). However, the "implied covenant of good faith and fair dealing can only arise out of a contractual relationship." *Nevada Ins. Guar. Ass'n v. Sierra Auto Center*, 108 Nev. 1123, 1127 (1992); *see also Alam v. Reno Hilton Corp.*, 819 F. Supp. 905, 910 (D. Nev. 1993). "The kind of breach of duty that brings into play the bad faith tort arises only when there are special relationships between the tort-victim and the tort-feasor . . . ." *K Mart Corp. v. Ponsock*, 103 Nev. 39, 48 (1987). "The special relationship required is one of particular reliance as found in insurance, partnership, and franchise agreements where there is a need for special protection arising from the skewed balance of power between the parties and the heavy reliance on the credibility by one party on the other. Such a special relationship will not automatically be read into an employer/employee relationship." *Alam*, 819 F. Supp. at 910.

Plaintiff has not shown that he entered into a contractual relationship with the individual defendants Vincent Scoccia, William Childs, and Robert Shillenn. Plaintiff alleges that he entered into an employment contract only with Primecare Nevada, Inc. (Doc. #10, Ex. 1). Thus, plaintiff has failed to state a claim for breach of the covenant of good faith and fair dealing as to these defendants. *See Sierra Auto Center*, 108 Nev. at 1127; *Alam*, 819 F. Supp. at 910 (stating that the implied covenant of good faith and fair dealing "presupposes the existence of a contract"). Accordingly, this claim is dismissed as to Vincent Scoccia, William Childs, and Robert Shillenn.

Further, plaintiff has not pled any facts showing a "special relationship" involving "special reliance, trust and dependency" between plaintiff and Primecare Nevada, Inc. *Alam*, 819 F. Supp. at 910. Thus, based on the allegations in this complaint, plaintiff has not pled a valid claim for tortious breach of the covenant of good faith and fair dealing as to Primecare Nevada, Inc.

**III.    Wrongful discharge**

Plaintiff's third claim is for wrongful discharge, asserted against all of the defendants. (Doc. #10, Ex. 1). Defendants move to dismiss this claim, asserting that there is no statutory or common law cause of action in Nevada for wrongful discharge. (Doc. #13).

James C. Mahan
U.S. District Judge

- 4 -

All employees in Nevada are presumed to be at-will employees. *American Bank Stationery v. Farmer*, 106 Nev. 698, 701 (1990). "An employee may rebut this presumption by proving by a preponderance of the evidence that there was an express or implied contract between his employer and himself that his employer would fire him only for cause." *Id.*

Here, the contract specifies that plaintiff can be terminated either for cause or without cause. (Doc. #10, Ex. 1). Thus, plaintiff has failed to plead a claim upon which relief can be granted, and this claim must be dismissed.

## IV. Tortious discharge

The fourth claim in the complaint is for tortious discharge. (Doc. #10, Ex. 1). Plaintiff asserts that defendants terminated his employment as a result of plaintiff's investigation into defendants' unethical and illegal business practices. (Doc. #10, Ex. 1).

"An employer commits a tortious discharge by terminating an employee for reasons that violate public policy." *Allum v. Valley Bank of Nevada*, 114 Nev. 1313, 1316 (1998). In Nevada, an employee must report illegal or unsafe practices in order to plead a valid tortious discharge claim. *See Wiltsie v. Baby Grand Corp.*, 105 Nev. 291, 293 (1989) (stating "so long as employees' actions are not merely private or proprietary, but instead seek to further the public good, the decision to expose illegal or unsafe practices should be encouraged"). The *Wiltsie* court found that reporting illegal or unsafe practices "to a supervisor rather than the appropriate authorities . . . [is] merely acting in a private or proprietary manner" and, thus, fails to establish the reporting element of the claim. *Id.*

Plaintiff recognizes that he did not report the alleged illegal and/or unethical practices and procedures at Primecare Nevada, Inc. to an appropriate authority before he was terminated. (Doc. #17). Nevertheless, plaintiff asks the court to refrain from dismissing this claim. Plaintiff asserts that he will report these illegal and/or unethical procedures and practices to an outside agency after he has gathered further information in discovery. Plaintiff argues that this will satisfy the reporting requirement under Nevada law. (Doc. #17). Alternatively, plaintiff asks the court to certify the question, "Should *Wiltsie* be overruled?" to the Nevada Supreme Court. (Doc. #17).

James C. Mahan
U.S. District Judge

- 5 -

1   Pursuant to Nevada Rule of Appellate Procedure 5(a), the Nevada Supreme Court may
2   answer questions of law certified to it if "it appears to the certifying court there is no controlling
3   precedent in the decisions of the Supreme Court of this state." Here, the *Wiltsie* case is directly on
4   point, so certifying this question to the Nevada Supreme Court pursuant to Rule 5(a) is not
5   appropriate. Further, this court analyzes the complaint in a Federal Rule of Civil Procedure 12(b)(6)
6   motion as it is pled, not as plaintiff anticipates it will be after engaging in discovery and taking future
7   actions based on that discovery. *See Iqbal*, 129 S.Ct. at 1950. Accordingly, plaintiff has failed to
8   plead a valid claim for tortious discharge, and this claim must be dismissed.

9   **V.    Intentional infliction of emotional distress**

10  The elements for a cause of action for intentional infliction of emotional distress are: (1)
11  extreme and outrageous conduct with either the intention of, or reckless disregard for, causing
12  emotional distress; (2) severe or extreme emotional distress; and (3) actual or proximate causation.
13  *Dillard Dept. Stores, Inc. v. Beckwith*, 115 Nev. 372, 378 (1999). In Nevada, the "tort of intentional
14  infliction of emotional distress claim is recognizable in the employment termination context." *Id.*

15  Plaintiff has pled the required elements for a claim of intentional infliction of emotional
16  distress adequately. Plaintiff asserts that defendants' acts of: (1) fabricating the grounds for his
17  termination to cover up illegal conduct and (2) terminating him without cause so as to avoid having
18  to pay his severance benefits was extreme and outrageous. (Doc. #10, Ex. 1). Plaintiff further
19  alleges that he actually suffered severe and/or extreme emotional distress. (Doc. #10, Ex. 1).
20  Accordingly, plaintiff has pled a valid intentional infliction of emotional distress claim against
21  Primecare Nevada, Inc.

22  In addition to the intentional infliction of emotional distress claim against Primecare Nevada,
23  Inc., defendants move to dismiss all claims against individual defendants for the alleged intentional
24  acts of Primecare Nevada, Inc. pursuant to NRS 41.130 or *respondeat superior* doctrine. (Doc. #13).
25  Defendants assert that neither *respondeat superior* nor NRS 41.130 render individuals liable for the
26  conduct of Primecare Nevada, Inc. Defendants allege that plaintiff is required to pierce the corporate
27  veil to hold individuals accountable for the intentional actions of Primecare Nevada, Inc., and
28

**James C. Mahan**
**U.S. District Judge**

- 6 -

plaintiff has not made the requisite showing in this case. (Doc. #13). Plaintiff did not respond to this argument in his opposition. (Doc. #17).

As plaintiff has not responded to defendants' NRS 41.130 and *respondeat superior* arguments, the court finds it appropriate to dismiss the individual defendants Vincent Scoccia, William Childs, and Robert Shillenn from plaintiff's intentional infliction of emotional distress claim. *See* Nevada Local Rule 7-2(d).

## VI. Defamation

"A defamation claim requires demonstrating (1) a false and defamatory statement of fact by the defendant concerning the plaintiff; (2) an unprivileged publication to a third person; (3) fault, amounting to at least negligence; and (4) actual or presumed damages." *Pope v. Motel 6*, 121 Nev. 307, 315 (2005).

Defendants move to dismiss plaintiff's defamation claim against all defendants, arguing that the factual allegations in the complaint "constitute nothing more than an attempt at the bare-bones legal elements of a defamation claim." (Doc. #13).

The complaint alleges that, after terminating plaintiff, defendants made "false and defamatory statements about plaintiff's work ethics and habits constituting the basis of his termination." (Doc. #10, Ex. 1). Further, defendants intentionally and/or negligently published these false and defamatory statements to third parties, and plaintiff sustained damages from defendants' actions. (Doc. #10, Ex. 1). Thus, the factual allegations include who (defendants telling third parties including employees), what (defamatory statements about plaintiff's work ethics and habits constituting the basis of his termination), when (after terminating plaintiff), and how (intentionally and/or negligently). (Doc. #10, Ex. 1). While these allegations may lack some specificity, they are sufficient to "give the defendant[s] fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Accordingly, plaintiff has stated a claim upon which relief can be granted.

## VII. Negligent training, supervision, and/or retention

The tort of negligent training and supervision imposes direct liability on the employer if (1)

the employer knew that the employee acted in a negligent manner, (2) the employer failed to train or supervise the employee adequately, and (3) the employer's negligence proximately caused the plaintiff's injuries. *Hall v. SSF, Inc.*, 112 Nev. 1384, 1393 (1996); *see also Helle v. Core Home Health Services of Nevada*, 124 Nev. 1474 (2008).

Plaintiff's claim fails as to the individual defendants in this case, Vincent Scoccia, William Childs, and Robert Shillenn, because plaintiff has not pled an employer-employee relationship between the individual defendants and anyone who caused plaintiff's alleged harm. *See Hall*, 112 Nev. at 1393.

Plaintiff has pled a valid claim against defendant Primecare Nevada, Inc. Defendants argue that the claim should be dismissed because Nevada case law imposes a "duty to train and supervise *employees* not a corporation's duty to train or supervise its officers." (Doc. #13, emphasis in original). Defendants have not pointed to case law addressing the difference between employees and officers under Nevada law. At this point, the court is not inclined to grant defendants' motion to dismiss on the alleged legal distinction between employees and officers. Plaintiff has given defendants sufficient notice of his claim against Primecare Nevada, Inc. to survive a Rule 12(b)(6) motion.

**VIII. Violation of NRS 613.010**

Defendants move to dismiss this claim pursuant to Federal Rule of Civil Procedure 9(b), stating that this "claim is essentially a claim for fraud in the inducement and it is well established that any fraud claim must be pled with specificity." (Doc. #13). Further, defendants argue that this claim should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because the factual allegations in the complaint do not show that plaintiff was induced to come to Nevada based on false representations, but rather that "defendants interfered with his performing the kind and character of the work which he was to perform" once plaintiff was in Nevada. (Doc. #13). Thus, plaintiff has failed to state a claim under NRS 613.010.

Pursuant to NRS 613.010, it is unlawful for a person or entity "to induce, influence, persuade or engage workers" to move from one state to Nevada "through means of false or deceptive

**James C. Mahan**
**U.S. District Judge**

- 8 -

1  representations, false advertising or false pretenses" concerning the kind and character of the work
2  to be done. NRS 613.010; *Cundiff v. Dollar Loan Center LLC*, 726 F. Supp. 2d 1232, 1240 (D. Nev.
3  2010).

4      The complaint fails to plead with particularity any facts showing that defendants William
5  Childs and Robert E. Shillenn made any false or deceptive representations which induced plaintiff
6  to move to Nevada. (Doc. #10, Ex. 1). Indeed, the only person specifically addressed in the factual
7  allegations of this claim is defendant Vincent Scoccia. (Doc. #10, Ex. 1). Therefore, plaintiff has
8  failed to plead a valid claim against defendants William Childs and Robert E. Shillenn. *See Cundiff*,
9  726 F. Supp. 2d at 1240 (stating "plaintiff has not alleged with particularity how these defendants
10 would be liable under the statute"); FED. R. CIV. P. 9(b) and 12(b)(6).

11     Plaintiff has pled a valid claim against defendants Primecare Nevada, Inc. and Vincent
12 Scoccia because it includes the who, what, when, where, and how of their liability under NRS
13 613.010. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (stating
14 "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the
15 misconduct charged").

16     Accordingly,

17     IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants Primecare
18 Nevada, Inc., et. al.'s motion to dismiss (doc. #13) be, and the same hereby is, GRANTED in part
19 and DENIED in part.

20     IT IS FURTHER ORDERED that counts two, three, and four be, and the same hereby are,
21 DISMISSED in their entirety.

22     IT IS FURTHER ORDERED that count five be, and the same hereby is, DISMISSED as to
23 defendants Vincent Scoccia, William Childs, and Robert Shillenn.

24     IT IS FURTHER ORDERED that count seven be, and the same hereby is, DISMISSED as
25 to defendants Vincent Scoccia, William Childs, and Robert Shillenn.

26 . . .

27 . . .

28

**James C. Mahan**
**U.S. District Judge**

- 9 -

IT IS FURTHER ORDERED that count eight be, and the same hereby is, DISMISSED as to defendants William Childs and Robert Shillenn.

DATED March 22, 2012.

_____
UNITED STATES DISTRICT JUDGE